DUNCAN *v.* RENFROW.

O. L. DUNCAN, ADMINISTRATOR OF THE ESTATE OF SELLARS STANCIL, DECEASED, v. MARY S. RENFROW, STEPHEN STANCIL AND WIFE, RONIE STANCIL, ROBY RENFROW AND WIFE, MRS. ROBY RENFROW.

(Filed 1 May, 1957.)

**Pleadings § 28—**

> Where petitioner is allowed to file an amended petition by leave of court, respondent's motion for judgment on the pleadings relates to the amended, and not the original, petition, and when the amended petition is sufficient, exception to the overruling of motion for judgment on the pleadings is without merit.

APPEAL by defendant Roby Renfrow from *Seawell, J.,* January Term, 1957, of JOHNSTON.

Special proceeding by administrator to obtain authority to sell the land of Sellars Stancil for the payment of his debts and the costs of administration.

Sellars Stancil died April, 1951.   Upon the probate in common form of a paper writing purporting to be his last will and testament, Stephen Stancil qualified as executor thereunder.   However, a caveat was filed;

and at September Term, 1951, the said paper writing was adjudged null and void. On 18 June, 1952, plaintiff was appointed and qualified as administrator.

Mary S. Renfrow, a sister, and Stephen Stancil, a brother, are the only heirs at law of Sellars Stancil.

· Shortly after plaintiff's qualification, Mrs. Ronie Stancil, wife of Stephen Stancil, brought suit against the administrator to establish her claim for services rendered the intestate; and at September Term, 1954, she obtained judgment for $3,200.00. This unpaid judgment is the principal debt necessitating the sale of land by the administrator.

Meanwhile, by decree entered 11 March, 1952, the land, containing some 36½ acres, was partitioned. In this partition, a tract of 20.4 acres was allotted to Mary S. Renfrow and a tract of 16.1 acres was allotted to Stephen Stancil.

By deed dated 25 March, 1954, Mary S. Renfrow (widow), "in consideration of other considerations and Ten and No/100 ($10.00) Dollars," conveyed to defendant Roby Renfrow, her son, the said 20.4 acre tract (with minor exceptions) previously allotted to her in said partition.

The original petition alleged that said deed from Mary S. Renfrow to Roby Renfrow was void as against the creditors of the Sellars Stancil estate.

Defendant Roby Renfrow, by answer, asserted that he was a *bona fide* purchaser for value and owned the land free from claims of creditors of the Sellars Stancil estate.

Defendant Mary S. Renfrow, answering, denied that the personal property was insufficient to pay the debts, alleging specifically that Stephen Stancil had failed to account to the administrator for moneys received by him while serving as executor.

Defendant Stephen Stancil and Mrs. Roby Renfrow also answered.

Defendant Roby Renfrow filed motion for judgment on said original pleadings. At February Civil Term, 1955, Judge Morris denied his said motion; and defendant Roby Renfrow excepted to this order.

Thereafter, by leave of court, petitioner filed amendments to his original petition; and defendants Roby Renfrow and Mary S. Renfrow answered the allegations set forth in said amendments.

At March Term, 1956, Judge Bickett, reserving for jury trial in the Superior Court the issues raised as to the validity of said deed from Mary S. Renfrow to Roby Renfrow, appointed Pope Lyon, Esquire, as referee, to determine all other issues arising on the pleadings.

The referee, after hearing, reported his findings of fact and conclusions of law. He found, setting out the facts in detail, that Stephen Stancil had fully accounted, except as to $36.00, arising from an error in his calculations; that the administrator had no assets with which to

pay the debts; and that a sale of the land by the administrator was necessary.

At January Term, 1957, Judge Seawell, after affirming the referee's report, proceeded with trial by jury on the issues reserved. The issues submitted and the jury's answers were as follows:

"1. Did Mrs. Mary Renfrow execute and deliver to Roby Renfrow a deed bearing date of March 25, 1954, for the property herein described as containing 20.4 acres inherited from the estate of Sellars Stancil, with knowledge and notice of the pendency of the action entitled, 'Mrs. Ronie Stancil *v.* Otis L. Duncan, Administrator of Sellars Stancil?' Answer: Yes.

"2. At the time of the delivery of the deed from Mrs. Mary Renfrow to Roby Renfrow bearing date of March 25, 1954, did Roby Renfrow purchase said property for value? Answer: No.

"3. Did Roby Renfrow at the time of the delivery of the deed from Mrs. Mary Renfrow bearing date of March 25, 1954, take the deed without notice of the pendency of the suit entitled, 'Mrs. Ronie Stancil *v.* Otis L. Duncan, Administrator of Sellars Stancil?' Answer: No."

The final judgment entered by Judge Seawell: (1) dismissed the action as to defendant Mrs. Roby Renfrow; (2) adjudged that said deed from Mary S. Renfrow to Roby Renfrow "be, and the same is hereby declared null and void and is hereby vacated and set aside as to the personal representative of said decedent and as to his creditors"; (3) adjudged that the share of Stephen Stancil be charged with said sum of $36.00; and (4) adjudged that the commissioner, therein appointed, sell the land to make assets unless within 30 days the heirs elected to pay the debts and costs of administration and thereby obviate the necessity for such sale.

Defendant Roby Renfrow appealed.

*Wiley Narron for defendant, appellant.*
*No counsel contra.*

PER CURIAM. The only assignment of error brought forward in appellant's brief, to wit, the denial by Judge Morris at February Civil Term, 1955, of his motion for judgment on the pleadings, is manifestly without merit. The sole basis for said motion was the alleged insufficiency of the allegations of the *original* petition. Appellant ignores the fact that, by leave of court, the original petition was amended, and that the trial was on the issues raised by the amended pleadings. The

amended petition, obviously sufficient, was not and is not challenged by appellant.

No error.